Dorr R. Cobb, Appellant, v. Geo. B. Barclay and C. F. Barclay, doing business under the firm name of Barclay Brothers.

*Tax sale—Treasurer's sale—Commissioner's sale—Title.*

The effect of a county commissioners' sale of land is only to divest the title of the county and if when the sale was made the county had no title the sale can have no effect.

The sale having been made by the county treasurer for taxes of 1888 the land in question was struck off to the county and title made to the commissioners in 1890. It appears that the taxes were subsequently regularly assessed and levied for the years 1890 and 1891, and in 1892 the treasurer sold the premises to vendors of the defendant. In 1896 the commissioners sold the same land at public auction and made a deed to the plaintiff for the tract of land in question. *Held*, in an action of trespass brought by plaintiff against defendant, that there was no redemption in fact from any of these sales and that the plaintiff did not acquire any title to the land in dispute by virtue of the sale and conveyance to him by the county commissioners in 1896.

Argued Feb. 16, 1899. Appeal, No. 15, Feb. T., 1899, by plaintiff, from judgment of C. P. Potter Co., Dec. T., 1897, No. 117, on verdict for defendant. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed.

Trespass quare clausam fregit. Before MORRISON, J.

The undisputed facts are sufficiently set out in the opinion of the court.

At the trial the defendant made certain offers of evidence tending to show the payment of taxes for 1888, which evidence was admitted and objection by plaintiff overruled and admission of this evidence was made the subject of exception.

The court below directed a verdict for defendant and plaintiff appealed.

*Error assigned* among others was (4) refusing to answer in the affirmative plaintiff's point, which point and answer are as follows : " 1. The court is requested to charge the jury that under all the evidence in the case the verdict must be for plaintiff. *Answer :* We answer this point in the negative and direct the prothonotary to take your verdict in favor of the defendants."

*J. N. Peck*, of *Peck & Stone*, and *Eugene Mullin*, of *Mullin & Seibert*, for appellant.—The learned court below seemed to think that the suffering of this land by the county commissioners to be assessed for the years 1890 and 1891 upon the regular unseated list and allowing it to be sold in 1892 to F. C. Leonard,

lost to them whatever title the county acquired by the sale of 1890. But we have two notable cases decided by our Supreme Court where this was permitted and decided otherwise : Russel v. Werntz, 24 Pa. 337 ; Herron v. Murphy, 22 W. N. C. 181.

Even if it be admitted that the evidence in the case was not sufficiently strong to justify the court in directing a verdict for the plaintiff, there were nevertheless disputed questions of fact which should have been submitted to the jury ; and the learned trial judge erred in directing a verdict for the defendants.

*H. C. Dornan* and *John Ormerod*, for appellee, relied on Diamond Co. v. Fisher, 19 Pa. 267, and Hunter v. Albright, 5 W. & S. 423.

OPINION BY BEAVER, J., March 23, 1899 :

The defendants' offer, the admission of which constitutes the first specification of error, should have been rejected. The letter of the defendants to their attorney, unless the contents thereof were communicated to the county treasurer, was not competent evidence. The offer did not go far enough and the proof went no farther than the offer. In our view of the case, however, the plaintiff did not suffer by reason of the admission of this testimony, nor would any of the other specifications of error, if sustained, be of any practical value to him. The law applicable to the admitted facts must rule the case for the defendants and sustain the judgment. The discussion of the various assignments of error, therefore, will serve no practical purpose.

These are the admitted facts : August 5, 1890, the treasurer of Potter county sold to the commissioners a tract of land assessed to B. F. Berfild, being fifty acres of warrant No. 4926 in Wharton township, for the taxes of 1888, alleged to be unpaid, and on September 1, 1890, made a deed therefor. September 1, 1896, the commissioners of Potter county conveyed the lot above mentioned, by virtue of a public sale thereof, to the plaintiff, Cobb. It is also admitted that, notwithstanding the sale of August 5, 1890, by the treasurer to the commissioners, taxes were regularly assessed and levied upon the same lot for the years 1890 and 1891 and were unpaid, and that the taxes were returned to the county commissioners for collection. August 26,

1892, the county treasurer sold the same lot to F. C. Leonard, who subsequently conveyed it to the defendants. There was no redemption in fact from any of these sales.

Did the plaintiff acquire any title to the land in dispute by virtue of the sale and conveyance by the commissioners in 1896 to him? We think not. This question is fully discussed and clearly ruled in Diamond Coal Co. v. Fisher, 19 Pa. 267, in which the facts are practically similar to those involved in the present case.

It is true that the commissioners, in allowing the regular assessment of the tract purchased by them at treasurer's sale in 1890, failed in the discharge of their duty, as provided by the 6th section of the Act of March 13, 1815, 6 Sm. L. 299, but, having attempted to collect these taxes by the sale of 1892 to Leonard, they divested their inchoate title previously acquired and had nothing to sell September 1, 1896, to the plaintiff. Both in morals and in equity they were bound by the treasurer's sale to Leonard, the title under which fully matured before the sale to Cobb. They could not sell the land and keep it. Cobb had no title, therefore, which would support the action of trespass and the court below very properly directed a verdict for the defendant. The fact that the purchaser at the sale of 1892 was the attorney of the defendants does not militate in any way against the validity and practical effect of the sale. The defendants themselves could have purchased at that sale and the deed by the treasurer directly to them would have been perfectly valid. They had a right to cure any supposed defect in their title in this way.

Judgment affirmed.