## Nitschke v. Rumbel

*William E. Speakman, Jr.,* for plaintiff.
*Eugene J. Julian,* for defendants.

GLADDEN, *J.*, April 29, 1977 — We have before us a motion for judgment on the pleadings filed by the plaintiff on November 18, 1976. This is an action in ejectment in which plaintiff, Richard H. E. Nitschke, seeks possession of the tract of land hereinafter described. Defendants are Robert J. Ciaffoni and Dorothy Ciaffoni, his wife, who are in possession of the property, and who claim ownership under a deed which plaintiff says is invalid, and James H. Rumbel, who is the defendant's tenant in actual possession. Washington County Tax Claim Bureau and Washington County have been joined as additional defendants. The motion has been argued before a court en banc, and disposition of that motion must now be made.

From a review of the pleadings, and after argument of counsel, we have determined that there are no genuine issues of material fact that would deter us from making a decision on the motion.

Briefly, the facts which give rise to the action are as follows:

Prior to the tax sale title to the property was in Roy and Louise Trinder (Deed Book 738, page 390). The premises was assessed to Trinder as property in the Borough of Twilight, formerly Fallowfield Township. On November 12, 1964, the subject property was exposed for sale by the Washington County Tax Claim Bureau for delinquent taxes for the years 1962 and 1963, and was listed as property in Fallowfield Township. The property was not sold. On September 13, 1965, the subject property was again exposed for sale by the Bureau but was listed as property in Twilight Borough. Again there was no sale.

In the normal course of events the Bureau, by deed dated April 28, 1966, transferred the subject

premises "in Fallowfield Township" to Washington County (Reference 511 January Term, 1966 A. D., Deed Book 1245, page 605). Subsequently the Bureau sold the subject premises "in Twilight Borough" to defendants by deed dated March 28, 1967 (Reference No. 275, November Term, 1966; Deed Book 1256, page 444). On August 12, 1974,Washington County sold the property "in Fallowfield Township" to plaintiff (Deed Book 1540, page 200).

Defendants have had tenants on the premises since April, 1967, and have paid the taxes on the subject property since purchase. Defendants' deed was of record, and defendants' tenants were in possession on August 12, 1974.

That the County of Washington may purchase land is not in dispute. This power is granted to County Commissioners by virtue of the Real Estate Tax Sale Law, Act of July 7, 1947, P. L. 1368, as amended September 27, 1973, 72 P. S. §5860. 612-1, which provides, inter alia:

". . . if the property is sold to them for the county, the county shall take and have an absolute title, free and clear of all tax and municipal claims . . ."

The statute provides further that "(u)pon the sale thereafter of such property by the county, the proceeds from the sale shall be distributed to the taxing authorities in proportion to the taxes due them on such property at the time of the last tax sale."

At first blush these two provisions do not appear inconsistent, since the former deals with the purchase of property and the latter with the sale of the same property. Yet it is in the application of the statute that questions arise. Two possible interpretations are suggested by the parties in the instant

case. Plaintiff, relying on the "purchase" provision, argues the county took its title absolutely in a "free and clear" sale. Consequently, subsequent actions of its grantor with respect to the property cannot compromise the fee simple title that vested in the county upon the purchase. Furthermore, if the county took its title absolutely, plaintiff argues, Ciaffoni should have been on notice of the sale, and Nitschke, being a bona fide purchaser for value from the county, should prevail. Defendants, relying on the "sale" provision, argue that the commissioners hold the property as trustees for the benefit of the taxing authorities, and, since the tax bureau sold it to them, notwithstanding the prior sale to the county and the county's subsequent sale to Nitschke, they should prevail.

When the county does purchase property the title it acquires is absolute: 72 P.S. §5860.612-1. There are certain duties which attach, however, on the resale of the property. In effect, this is a recognition that county commissioners are not autonomous but rather that county government is the totality of its various departments and bureaus. As fiduciaries dealing with public property, they are then trustees of such property and hold it for the benefit of the taxing authorities: In re Private Sale of County Owned Lands, 40 D.&C., 2d 301 (1965).

Notwithstanding the fact that the County of Washington did receive absolute title to the disputed tract, subsequent actions by the county and the tax claim bureau indicate that an abandonment or divestiture of this title occurred. It is pled, and not specifically denied, that defendants paid and the County of Washington accepted payment of taxes on the subject property from the date of their purchase in 1967 to the present. In Albert v.

Lehigh Coal & Navigation Co., 431 Pa. 600, 246 A. 2d 840 (1968), the court suggested in dictum that where a county may have purchased certain property at a tax sale but continued to accept payment of taxes from one party, it could not later resell the property to another. The court stated that "[t]he acceptance of such tax payments by the county may well be an abandonment of its purchase" at the "tax sale": 431 Pa., at 613, 246 A.2d, at 846. Applying the same reasoning to the facts at hand, the acceptance by the County of Washington of Ciaffoni's payment of taxes can be construed to be an abandonment by the county of the title acquired by it on April 28, 1966.

In addition to the possible abandonment of its title, the sale of the property to defendants by the tax claim bureau require a finding that title in the County of Washington was subsequently divested. Several cases which are strikingly similar to those of the case at bar have held that this divestiture of the county's title occurred when the treasurer of the county sold the property to another: Diamond Coal Co. v. Fisher, 19 Pa. 267 (1852); Cobb v. Barclay, 9 Pa. Superior Ct. 573 (1899); Gretok Petition, 54 D.&C.2d 83 (1969).

In Diamond Coal Co. v. Fisher, supra, an ejectment action, the property in dispute was sold to the county commissioners in 1820 for taxes assessed in 1818-19. Taxes were reassessed in 1821, 1822 and 1823, and the property sold by the treasurer at a treasurer's sale in 1824 to plaintiff's predecessor in title. In 1830, the county commissioners then "sold" the property to defendant. It was held that the county commissioners were divested of their title since the title of the county had become fully

vested in others before 1830. This result was dictated by "pure and self-evident morality."

In Cobb v. Barclay, supra, the county commissioners purchased a certain tract in 1890 from the treasurer. After 1890-91 taxes were reassessed on the property, the treasurer sold it to the defendant's predecessor in title in 1890. Thereafter, in 1896, the county commissioners sold the property to plaintiff. Plaintiff 's action in trespass was dismissed, since the county commissioners were bound by the treasurer's sale to defendant's predecessor, and therefore, plaintiff acquired no title which would support his action. The commissioners were deemed bound "both in morals and equity" by the treasurer's sale.

In Gretok Petition, supra, the property forming the basis of the petition for rule to show cause was purchased by the county commissioners from the treasurer in 1962 and 1964. In 1966, it was sold by the treasurer to petitioner, Gretok. In 1968, the county commissioners resold the property to respondent, Margolis. The court held the 1966 sale and the payment of taxes on the property divested the commissioners of their title.

On authority of the above mentioned cases, when the tax claim bureau sold the subject property to the Ciaffonis in 1967, the County of Washington was thereby divested of its title. Being divested of title to the property, it had nothing to convey to Nitschke. As Nitschke does not have title sufficient to support his action the motion for judgment on the pleadings should be granted in favor of defendants and plaintiff 's complaint in ejectment dismissed. See 2 Goodrich-Amram §1034(b)-1, for cases which allow judgment on pleadings to be entered against the party making the motion.

## ORDER

And now, April 29, 1977, the motion for judgment on the pleadings is granted in favor of defendants, and plaintiff's complaint in ejectment is dismissed. Washington County is directed to reimburse plaintiff for purchase price for all moneys actually paid by plaintiff to the county in connection with the subject premises. Further, the county under authority of this order shall take the necessary action to invalidate the deed from Washington County to Richard H. E. Nitschke, dated August 12, 1974, and recorded in Deed Book 1540, page 200.